UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Igor Vidyashev,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TicketNews, LLC,<br><br>　　　　　　Defendant. | Case No.:<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Igor Vidyashev ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant TicketNews, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of singer The Weeknd on stage at the Juno Awards (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.ticketnews.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Igor Vidyashev is an individual who is a citizen of Canada and who resides in Ontario, Canada.

6. Upon information and belief, defendant TicketNews, LLC, is a Connecticut limited

liability company with a principal place of business at 75 Gerber Road East, South Windsor in Hartford County, Connecticut.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Connecticut.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On March 15, 2015, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16. On November 13, 2018, the Photograph was registered by the USCO under Registration No. VA 2-126-703.

17.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

18.     Defendant is the registered owner of the Website and is responsible for its content.

19.     Defendant is the operator of the Website and is responsible for its content.

20.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

21.     The Website is monetized in that it contains paid advertisements and affiliate links, upon information and belief, Defendant profits from these activities.

22.     On or about February 24, 2020, Defendant displayed the Photograph on the Website at URL: https://www.ticketnews.com/2020/02/weeknd-luke-combs-tours/ ("Infringement 1"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

23.     On or about May 21, 2020, Defendant further displayed the Photograph on the Website at URL: https://www.ticketnews.com/2020/05/the-weeknd-pushes-after-hours-tour-to-summer-2021/ ("Infringement 2"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

24.     On or about October 18, 2021, Defendant further displayed the Photograph on the Website at URL: https://www.ticketnews.com/2021/10/the-weeknd-cancels-existing-shows-plans-stadium-dates-in-2022/ ("Infringement 3"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

25.     On or about April 6, 2022, Defendant further displayed the Photograph on the Website at URL: https://www.ticketnews.com/2022/04/swedish-house-mafia-the-weeknd-replace-kanye-on-coachella-sunday/ ("Infringement 4"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

26.     The Photograph was stored at URL: https://www.ticketnews.com/wp-content/uploads/2017/06/TheWeeknd-1.jpg.

27.     Without permission or authorization from Plaintiff, Defendant volitionally copied

and/or displayed Plaintiff's copyright protected Photograph on the Website.

28. Plaintiff first observed and actually discovered the Infringements on April 2, 2022.

29. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

30. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

31. The Infringements are each an exact copy of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

33. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including, but not limited to, Schae Beaudoin whose LinkedIn page lists her as a Daily Contributing Writer at the time of the Infringements, Kelly Byrnes whose LinkedIn page lists her as a Content Associate at the time of the Infringements, and Dave Clark (the "*Employees*").

34. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

36. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

37. Upon information and belief, Defendant is not registered as an internet service

4

provider with the USCO pursuant to 17 U.S.C. §512.

38. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

39. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

40. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised, and/or had the right and ability to exercise, such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

44. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

45. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48. On April 7, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

49.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

53.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

57.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

58.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

61. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.  for pre-judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: August 28, 2023

**SANDERS LAW GROUP**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126052

*Attorneys for Plaintiff*